PER CURIAM.
Appellants seek reversal of a non-final order of the Circuit Court of the Fifteenth Judicial Circuit denying appellants’ motion to dismiss or alternatively to abate or transfer the action to Broward County on the ground that Broward County was the proper venue of said action.
Briefly, the factual setting is that appel-lee Seafirst sold American Transport an aircraft and took back a promissory note, a security agreement and a guaranty agree *803 ment. Thereafter appellants sued Seafirst in the Circuit Court of the Seventeenth Judicial Circuit for damages for malicious interference with a contract between appellants American and Bachner and for slander. Seafirst filed a counterclaim seeking to enforce a promissory note, a security agreement and a guaranty agreement that were allegedly in default. While that suit was pending, Seafirst filed suit for replevin and damages in the Fifteenth Judicial Circuit against appellants, American and Chappell, and thereafter dismissed its counterclaim in the suit pending in the Seventeenth Judicial Circuit. Appellants moved to dismiss the Fifteenth Judicial Circuit suit contending that the Seventeenth Judicial Circuit was the proper venue of the action. From a denial of said motion, this non-final appeal was perfected.
Appellants contend that the counterclaim filed by Seafirst in the Seventeenth Judicial Circuit was a compulsory counterclaim and thus the venue therefor was Broward County. We disagree. First, we do not believe Seafirst’s counterclaim was compulsory and thus there was no basis to preclude Seafirst from deciding to sue to replevy the aircraft and for damages in Palm Beach County where the aircraft was located. We reach that conclusion because 1) the complaint in Broward County was for tortious interference with a contract and for slander, whereas, the counterclaim initially filed by Seafirst was to enforce a promissory note and security and guaranty agreements and 2) the venue for replevin by statute is the county in which the property is located. Thus, neither-Florida Rule of Civil Procedure 1.170(a) (1983), nor the logical relationship test referred to in Neil v. South Florida Auto Painters, Inc., 397 So.2d 1160 (Fla. 3d DCA 1981), required the original counterclaim to be filed in Broward County, nor was the claim for replevin and damages required to be filed there.
Accordingly, we affirm the order appealed from.
AFFIRMED.
DOWNEY, LETTS and GLICKSTEIN, JJ., concur.